IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW J. SHERVEN,

                     Plaintiff,

v.

NATIONAL SECURITY AGENCY,

                     Defendant.

OPINION and ORDER

23-cv-603-jdp

---

    Plaintiff Matthew J. Sherven, without counsel, filed this lawsuit to compel the National Security Agency to produce documents under the Freedom of Information Act (FOIA) and the Privacy Act. The case is before the court for screening under 28 U.S.C. §§ 1915(e)(2), which requires the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a litigant without counsel, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Sherven must allege enough facts to give fair notice to the defendant and show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

    Sherven's complaint has two problems. First, he hasn't provided enough information to give notice to the defendant or to state a plausible claim. He alleges only that he submitted three information requests to the agency, and it denied his requests. He does not include copies of his requests, describe the information he was requesting, or even identify the dates of his requests. So it is impossible to determine whether the agency may have violated FOIA or the Privacy Act.

Second, Sherven doesn't say whether he exhausted his administrative remedies. Both FOIA and the Privacy Act require a plaintiff to exhaust his administrative remedies before filing a lawsuit. *See Hoeller v. Social Security Administration,* 670 Fed. Appx. 413, 414 (7th Cir. 2016) (citing 5 U.S.C. § 552(a)(6)(A)); *Diliberti v. U.S.*, 817 F.2d 1259, 1260–61 (7th Cir. 1987) (citing 5 U.S.C. § 552a(g)(1)). If a plaintiff doesn't allege that he exhausted his administrative remedies, the court must dismiss the complaint for failure to state a claim. *Scherer v. Balkema,* 840 F.2d 437, 443 (7th Cir. 1988).

It is possible that Sherven could fix both of these defects, so I will give him an opportunity to file an amended complaint that: (1) includes copies of his information requests or describes the information he requested and when he requested it; (2) describes how the agency responded to each request; (3) identifies whether he exhausted his administrative remedies.

## ORDER

IT IS ORDERED that Matthew J. Sherven's complaint is DISMISSED without prejudice for failing to state a claim. Sherven may have until February 20, 2024, to file an amended complaint that fixes the problems discussed in this order. If Sherven does not respond by then, I will dismiss the case with prejudice and direct the clerk of court to enter judgment.

Entered February 5, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge